IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF ILLINOIS

**BROCK E. OKENNARD, No. 14553-424,**

    **Petitioner,**

                             **CIVIL NO. 10-cv-825-DRH**

**vs.**

**LISA J. HOLLINGSWORTH,**

    **Respondent.**

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

    This case is before the Court on Petitioner's writ of habeas corpus. Petitioner, an inmate in the Federal Correctional Institution in Marion, Illinois, brings this habeas corpus action pursuant to 28 U.S.C. §2241. He is serving a 180-month sentence as a result of his March, 2005, bank robbery conviction in the Northern District of Illinois.

    Petitioner is not seeking to challenge his conviction or the legality of his detention, but instead claims that the Respondent has violated his Eighth Amendment rights and is seeking an order directing the Respondent to provide him with necessary medical treatment.

    Rule 4 of the Rules Governing Section 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court

judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." RULES GOVERNING § 2254 CASES IN THE U.S. DIST. CTS. R. 4 (2010). Rule 1(b) of those Rules gives this Court the authority to apply the rules to other habeas corpus cases. *Id.* R. 1(b). After carefully reviewing the petition and exhibits in the present case, the Court concludes that Petitioner is not entitled to relief, and the petition must be dismissed.

At the outset, this Court must independently evaluate the substance of Petitioner's claim to determine if the correct statute - in this case 28 U.S.C. § 2241 - is being invoked. ***Bunn v. Conley*, 309 F.3d 1002, 1006-07 (7th Cir. 2002); *Godoski v. United States*, 304 F.3d 761, 763 (7th Cir. 2002)**. Petitioner here is claiming that Respondent has failed to provide him with appropriate medical attention; this medical indifference claim is properly characterized as a challenge to the conditions of Petitioner's confinement, not a challenge of his conviction or sentence. ***See Estelle v. Gamble*, 429 U.S. 97 (1976)**. The federal habeas corpus statute cannot be used to challenge conditions of confinement. ***See* 28 U.S.C. §2241(c)(3); *Glaus v. Anderson*, 408 F.3d 382, 386-87 (7th Cir. 2005); *Williams v. Wisconsin*, 336 F.3d 576, 579 (7th Cir. 2003)**.

While, in the past, courts sometimes construed a mistakenly-labeled habeas corpus petition as a civil rights complaint, ***see, e.g., Graham v. Broglin*, 922 F.2d 379, 381-82 (7th Cir. 1991)**, the Seventh Circuit has held that district

courts should not do this. ***Bunn*, 309 F.3d at 1007; *Moore v. Pemberton*, 110 F.3d 22, 24 (7th Cir. 1997)**. It would be particularly inappropriate to recast Petitioner's action here, because Petitioner would face obstacles under the Prison Litigation Reform Act, Title VIII of Pub. L. No. 104-134, 110 Stat. 1321 (effective April 26, 1996). ***See generally* 28 U.S.C. § 1915**. Specifically, Petitioner is responsible for paying a much higher filing fee. Furthermore, Petitioner might be assessed a "strike" if the Court determined that Petitioner's action was frivolous, malicious, or failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(g). Therefore, the Court will not re-characterize the instant habeas petition as a complaint under the civil rights act.

For the above reasons, § 2241 cannot provide Petitioner with the desired relief, and this action is summarily **DISMISSED** without prejudice.

**IT IS SO ORDERED.**

DATED: February 11, 2011

David R. Herndon
2011.02.11
11:04:57 -06'00'

**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**